# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | CASE No.    19-51202 (JAM) |
| JEFFREY PERKINS, ) | |
| ) | CHAPTER    13 |
| DEBTOR. ) | |
| ) | RE: ECF No.    9 |

## Appearances

Sara M. Buchanan
Bendett & McHugh, P.C.                              *Attorney for the Movant*
270 Farmington Avenue, Suite 171
Farmington, CT 06032

Daniel S. DiBartolomeo                              *Attorney for the Debtor*
DiBartolomeo Law Firm
203 Circle Drive
Bantam, CT 06750

## MEMORANDUM OF DECISION AND ORDER CONFIRMING AUTOMATIC STAY IS NOT IN EFFECT AND DENYING *IN REM* RELIEF

Jeffrey Perkins (the "Debtor") filed a Chapter 13 petition on September 10, 2019. On October 2, 2019, U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-BC3 (the "Movant") filed a Motion for an Order Confirming the Automatic Stay is Not in Effect and Imposing *In Rem* Relief (the "Motion"). ECF No. 9. The Debtor, who is represented by counsel in this Chapter 13 case, has not filed a response to the Motion. Since the Motion requested relief that could be interpreted as inconsistent with the plain language of 11 U.S.C. §§ 362(c)(4) and (d)(4), the Court set the Motion for a hearing.

A hearing on the Motion was held on November 5, 2019, at which counsel for the Movant appeared. Neither the Debtor nor his attorney appeared at the November 5th hearing.

The hearing was continued so that counsel for the Movant could provide the Court with supplemental authority regarding the two types of relief sought in the Motion. A second hearing was held on November 12, 2019, at which counsel for the Movant appeared and provided supplemental authority for the relief requested in the Motion. Neither the Debtor nor his attorney appeared at the November 12th hearing. At the conclusion of the November 12th hearing, the Motion was taken under advisement. After careful consideration of the issues the Motion presents, and for the reasons that follow, the Movant is entitled to an order confirming the automatic stay was not in effect at any time in the Debtor's case in accordance with 11 U.S.C. § 362(c)(4), but is not entitled to *in rem* relief under 11 U.S.C. § 362(d)(4).

I.  **Procedural History**

On October 30, 2012, the Movant initiated judicial proceedings in the Connecticut Superior Court to foreclose on a mortgage secured by the Debtor's real property located at 35 A Rocky Glen Road, Danbury, CT 06810 (the "Property"). *See U.S. Bank National Association v. Perkins, Jeffrey, et al.*, Docket Number DBD-CV12-6010846-S (the "State Court Foreclosure Action"). A Judgment of Strict Foreclosure entered in the State Court Foreclosure Action on May 2, 2016, which set a law day of June 28, 2016. The Debtor filed several appeals in the State Court Foreclosure Action. On September 4, 2018, after the Connecticut Appellate Court dismissed the Debtor's third appeal, the Superior Court reset the law day as November 6, 2018.

On November 6, 2018, the Debtor filed his first Chapter 13 petition, Case No. 18-51453 (the "Debtor's first Chapter 13 case"). The Debtor's first Chapter 13 case was dismissed on November 26, 2018 for failure to file required documents. After the dismissal of the Debtor's first Chapter 13 case, the Superior Court again reset the law day as May 21, 2019. On May 21, 2019, the Debtor filed a second Chapter 13 petition, Case No. 19-50698 (the "Debtor's second

Chapter 13 case"). The Debtor's second Chapter 13 case was dismissed on June 11, 2019 for failure to file required documents. After the dismissal of the Debtor's second Chapter 13 case, the Superior Court again reset the law day as September 10, 2019. The instant case, the Debtor's third, was filed on September 10, 2019 (the "Debtor's third Chapter 13 case").

The Motion first seeks an order confirming that the automatic stay provided in 11 U.S.C. §362(a) did not go into effect upon the filing of the Debtor's third Chapter 13 case because the Debtor's third Chapter 13 case was filed within one year from the dates on which the Debtor's second Chapter 13 case and the Debtor's first Chapter 13 case were pending but dismissed. *See* 11 U.S.C. § 362(c)(4). The Motion also seeks an order granting relief from the automatic stay under section 11 U.S.C. § 362(d)(4) which would impose *in rem* relief with regard to the Property and allow the Movant to complete the State Court Foreclosure Action.

**II.     Discussion**

At the outset, the two forms of relief sought in the Motion appear logical. In fact, on at least one prior occasion, the Court granted both types of relief the Movant requests here. Upon further review, however, the Court concludes that the Bankruptcy Code does not permit subsection 362(d)(4) *in rem* relief to enter in a case such as this one, where the automatic stay is not in effect under subsection 362(c)(4).

The automatic stay provided by section 362 of the Bankruptcy Code "is a fundamental debtor protection, giving a breathing spell from the collection process so debtors can attempt a repayment or reorganization plan to satisfy existing debt." *United States v. Colasuonno*, 697 F.3d 164, 172 (2d Cir. 2012) (internal quotation marks omitted). The imposition of the automatic stay is the very relief that every debtor seeks when filing a bankruptcy petition. "The automatic stay ensures that the remainder of Congress' statutory scheme can be effectuated by

preserving estate assets. Unless the stay is lifted by the bankruptcy court, it remains in effect until the case is concluded." *In re Weidenbenner*, 521 B.R. 74, 81-82 (Bankr. S.D.N.Y. 2014). In broad terms, subsection (a) lists acts that are stayed upon the filing of the petition. Subsection (b) lists acts that are not stayed when a petition is filed. Subsection (c) addresses the extent and duration of the stay. Finally, subsection (d) allows a party to seek relief from stay for cause and other grounds. *See* 3 *Collier on Bankruptcy*, ¶ 362.01, p. 362-20 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

While the automatic stay under section 362 is broad, it is not unlimited. *See id.* In fact, the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCA") enacted in 2005 added new subsections to section 362. For example, several additional items were added to subsection 362(b) that are not stayed upon the filing of a petition. Furthermore, subsections 362(c)(4) and (d)(4) first appeared in section 362 when BAPCA was enacted.

Pursuant to subsection 362(c)(4)(ii),

if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;

11 U.S.C. § 362(c)(4)(ii).

Pursuant to subsection 362(d)(4),

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--
(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
(B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4).

Subsection 362(c)(4) "prevents the automatic stay from taking effect in a case filed by a debtor who has had two or more prior cases dismissed within the year…For this stay limitation to apply, at least two prior cases filed under any chapter must have been pending and subsequently dismissed during the one-year period." 3 *Collier on Bankruptcy*, ¶ 362-103, p. 362.06[4]. However, subsection 362(d)(4) allows a court to grant *in rem* relief from the stay to a creditor with a security interest in real property if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either transfers of interest in the property without the consent of the secured creditor or multiple bankruptcy filings affecting the real property. Thus, the plain language of 362(c)(4) applies to individual debtors who file a third case within one year of two prior cases that were pending but dismissed, while the plain language of 362(d)(4) applies to the stay of an act against real property by a creditor whose claim is secured by an interest in such real property.

When subsections 362(c)(4) and (d)(4) are read together, it is apparent that they address two different scenarios: one in which the automatic stay is *not* in effect, and another in which a party may obtain relief from the stay that *is* in effect. The facts here fit precisely into the situation described in subsection 362(c)(4). The Debtor had two prior cases pending and subsequently dismissed within a one-year period of the filing of the third Chapter 13 case. The Movant correctly asserts that the automatic stay did not go into effect upon the filing of the Debtor's third Chapter 13 case because two of the Debtor's prior cases (the Debtor's first Chapter 13 case and the Debtor's second Chapter 13 case) were pending and dismissed within the prior year. Accordingly, the automatic stay did not go into effect when the Debtor filed his third Chapter 13 case.

It logically follows that the Movant cannot obtain "relief from the stay" under subsection (d)(4) in this case because the stay was never in effect. The language of subsection 362(d), which provides relief "with respect to a stay of an act against real property under subsection (a)," compels the interpretation that the stay must be in effect as a condition precedent to obtaining *in rem* relief pursuant to (d)(4). Because the facts surrounding the Debtor's third Chapter 13 case fall within subsection (c)(4), the automatic stay was never in effect and therefore the Movant cannot obtain *in rem* relief under subsection (d)(4).

The Court's interpretation of subsections (c)(4) and (d)(4) also comports with the stated aim of discouraging bad faith repeat filings and curbing abusive filings in different ways. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Report of the Committee on the Judiciary House of Representatives, Rept. 109-31, 69 (2005). Subsection (c)(4) was added to address multiple bankruptcy filings by an *individual debtor* within a one-year period. *See* Lisa Napoli, *The Not-So-Automatic Stay: Legislative Changes to the Automatic Stay in a Case Filed By or Against an Individual Debtor*, 79 AM. BANKR. L.J. 749, 772 (2005) (subsection (c)(4) …"should help to curb abusive bankruptcy filings by individuals who have no real intention of complying with the requirements of the Bankruptcy Code but simply seek temporary relief from their creditors through the automatic stay. When such a fraudulently filed case is ultimately dismissed, the provisions of § [362(c)(4)] will eliminate an individual's incentive to file another bankruptcy case for at least one year."). Subsection (d)(4) was added to address abuse impacting *real property* by providing "the statutory authority to grant *in rem* relief" under certain circumstances. *See In re Montalvo*, 416 B.R. 381, 386 (Bankr. E.D.N.Y. 2009); *see also* 3 *Collier on Bankruptcy*, ¶ 362.05[19][a], p. 362-84 ("By requiring that the filing of the petition must be part of a scheme to hinder, delay, or defraud a creditor that involves either an

unauthorized transfer of the property or multiple bankruptcy filings affecting the property, section 362(d)(4) addresses conduct that could be indicative of an abusive bankruptcy filing in relation to a real property foreclosure.").

Little case law exists addressing the interplay of subsections (c)(4) and (d)(4). At the November 12th hearing, as requested, counsel for the Movant provided the Court with some cases in which courts have granted both an order confirming the stay was not in effect and *in rem* relief. None of these cases, however, address how subsections (c)(4) and (d)(4) should be read together. Rather, in these cases, both types of relief were granted, but without any discussion as to a court's ability to do so under the plain language of section 362. *See, e.g. In re Marcano*, No. 19-11228 (JLG), 2019 WL 2612730 (Bankr. S.D.N.Y. June 24, 2019) (issuing a comfort order under 362(c)(4) and granting *in rem* relief under 362(d)(4) without discussion of the interplay between the two subsections). There are other cases in which both types of relief were granted, but without discussion of the issue addressed here. *See, e.g. In re O'Farrill*, 569 B.R. 586, 592-93 (Bankr. S.D.N.Y. 2017) (finding there was no automatic stay in place under 362(c)(4), and finding that, "even if the automatic stay was in effect," *in rem* relief was warranted under 362(d)(4)).

There is case law – although not perfectly analogous – that bolsters the conclusion that *in rem* relief under subsection 362(d)(4) is not available when a case fits within the facts presented in subsection 362(c)(4). For example, in *In re Bates*, the debtor argued that subsection 362(c)(4) must be read with subsection 362(c)(3) and "should be interpreted to mean that the terms of the automatic stay are terminated 'with respect to the debtor,' [and] 'property of the debtor,' but not with regard to 'property of the estate.'" *In re Bates*, 446 B.R. 301, 304 (B.A.P. 8th Cir. 2011). The court rejected the debtor's proposed interpretation, noting that "[m]any courts have

concluded that § 362(c)(4)(A)(i) is unambiguous," and that "courts have universally held that under § 362(c)(4)(A)(i), where a debtor has filed a third bankruptcy case in a one-year period, the automatic stay never goes into effect." *Id.* (citing cases).  The court reasoned that the debtor's position would require a reader to convert the language in subsection 362(c)(4) that the automatic stay "shall not go into effect" to language providing that the stay arises and is in effect, but may be terminated.  *Id.* at 305.  Such a construction, the court said, "would violate a basic principle of statutory interpretation, which advises that when Congress uses particular language in one place in a statute, and does not use that language in another place, the omission should be deemed intentional." *Id.*  Here, likewise, to grant both types of relief the Movant seeks would require the Court to conclude both that the stay was not in effect *and* that it was, and that relief from it can be granted.  That conclusion would be irreconcilable with the plain language of section 362.

In addition, in *In re Melton*, the court issued an order pursuant to 362(c)(4)(A)(i)-(ii) confirming that no stay was in effect because the facts of the case before it "fit squarely within the requirements under 362(c)(4)(A)(i)." *In re Melton*, 2011 WL 1600506, at *3.  The court rejected the debtor's argument that the court should consider its promise to make adequate protection payments to the entity seeking the order, explaining that "[f]ailure to provide adequate protection is an element of a motion to lift the stay under Section 362(d)(1) of the Code," which was "not relevant to" the instant case where "the issue to be determined was the absence of the stay under Section 362(c)(4)(A)(i)-(ii)." *Id.* at *5.  The court also granted *in rem* relief to a non-creditor under section 105(a) of the Code, noting that "serial filings to prevent foreclosure constitutes an abuse of the bankruptcy process" that courts can address by granting *in rem* relief under section 105.  *Id.* at *4.

As mentioned above, it is understandable why the Movant is seeking both an order confirming that no stay was in effect in the Debtor's third Chapter 13 case and an order granting *in rem* relief.  The Movant has been attempting to complete a foreclosure action since the Judgment of Strict Foreclosure entered in May 2016 in the State Court Foreclosure Action.  It has been thwarted from doing so, in large part, because of the Debtor's repeat bankruptcy filings.  The Movant does not need *in rem* relief under subsection (d)(4), however, to obtain the result it desires.  First, there was no automatic stay in effect upon the filing of the Debtor's third Chapter 13 case, and the Debtor did not seek to have the stay take effect within 30 days after the filing of the third Chapter 13 petition.[1]  The Movant was not stayed from proceeding with the State Court Foreclosure Action and therefore does not need *in rem* relief to do so.  The Movant had and continues to have the uninterrupted right to enforce its applicable nonbankruptcy law rights because a stay was never in effect in the Debtor's third Chapter 13 case.

Although there is no stay in effect in the Debtor's third Chapter 13 case, the Movant could seek relief similar to subsection 362(d)(4) relief under other provisions of the Code.  For example, the Movant could seek dismissal of the Debtor's third Chapter 13 with prejudice for cause shown under sections 349.[2]  *See In re Montalvo*, 416 B.R. at 388 (explaining that courts have the authority to dismiss a bankruptcy case with prejudice to refiling under 11 U.S.C. § 349(a)).  The Movant could also seek relief under section 105(a) which provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the

---

[1] Even if the Debtor had sought and obtained a stay in this case, the stay would not be effective until the date of the entry of the order allowing the stay to go into effect.  *See* 11 U.S.C. § 362(c)(4)(B) and (C).
[2] In fact, on November 21, 2019, the United States Trustee moved to dismiss this case with prejudice under sections 349 and 105, arguing that the Debtor's multiple bankruptcy filings demonstrate bad faith.  ECF No. 18.

provisions of this title...[including]…taking any action or making any determination necessary or appropriate to…prevent an abuse of process." 11 U.S.C. § 105(a); *In re Melton*, No. 811-70984-REG, 2011 WL 1600506, at *4 (Bankr. E.D.N.Y. Apr. 27, 2011) (noting that courts have authority to grant *in rem* relief under 11 U.S.C. § 105(a)); *see also* Lisa Napoli, *The Not-So-Automatic Stay: Legislative Changes to the Automatic Stay in a Case Filed By or Against an Individual Debtor*, 79 AM. BANKR. L.J. 749, 774 (2005)("Under the current version of the Bankruptcy Code, some courts will, if a creditor demonstrates the existence of extraordinary circumstances, issue *in rem* relief from the automatic stay pursuant to § 105(a) of the Bankruptcy Code.").

### III.    Conclusion

After consideration of the Motion and for the reasons set forth herein, it is hereby

**ORDERED:** Pursuant to 11 U.S.C. § 362(c)(4), the automatic stay provided in 11 U.S.C. § 362(a) was not in effect when the Debtor's third Chapter 13 case was filed and did not go into effect at any time during the Debtor's third Chapter 13 case; and it is further

**ORDERED:** Because the automatic stay did not go in effect when the Debtor's third Chapter 13 case was filed and did not go into effect at any time during the Debtor's third Chapter 13 case, the Movant's request for *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) is denied.

Dated at Bridgeport, Connecticut this 16th day of December, 2019.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut