**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE No.    19-51202 (JAM) |
| JEFFREY PERKINS, ) | |
| ) | CHAPTER    13 |
|     DEBTOR. ) | |
| ) | RE: ECF No.    18 |

**Appearances**

Roberta Napolitano　　　　　　　　　　　*Chapter 13 Trustee*
10 Columbus Boulevard
Hartford, CT 06106

Daniel S. DiBartolomeo　　　　　　　　　*Attorney for the Debtor*
DiBartolomeo Law Firm
203 Circle Drive
Bantam, CT 06750

**MEMORANDUM OF DECISION AND ORDER DISMISSING CASE WITH PREJUDICE WITH A TWO YEAR BAR TO REFILING**

Julie A. Manning, Chief United States Bankruptcy Judge

**I.　　Introduction**

Jeffrey Perkins (the "Debtor") filed a Chapter 13 petition on September 10, 2019. On November 21, 2019, the Chapter 13 Trustee filed a Motion to Dismiss the Debtor's case with prejudice pursuant to 11 U.S.C. §§ 1307 and 349(a) (the "Motion to Dismiss"). ECF No. 18. A hearing on the Motion to Dismiss was held on December 12, 2019, at which the Chapter 13 Trustee appeared. Neither the Debtor nor his attorney appeared at the December 12th hearing. At the conclusion of the December 12th hearing, the Motion to Dismiss was taken under advisement. For the reasons that follow, the Court grants the Motion to Dismiss with prejudice with a two year bar to filing a bankruptcy petition under any chapter of the Bankruptcy Code.

## II.    Dismissal for cause, with prejudice, and/or to prevent an abuse of process

Section 1307, which governs dismissal of Chapter 13 cases, provides, in part, as follows:

(c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…

11 U.S.C. § 1307.  Subsection (c) further provides "a non-exhaustive list of events that would be considered 'for cause.'  Although not expressly enumerated in the statute, it is well established that lack of good faith may also be cause for dismissal under § 1307(c)." *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017) (internal quotation marks and citations omitted).  A court must review the totality of the circumstances to determine whether a case should be dismissed for lack of good faith. *Id.* at 499-500.  The totality of the circumstances analysis "should take into consideration whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (quoting *In re Love,* 957 F.2d 1350, 1357 (7th Cir.1992)).

While dismissal of a case is generally without prejudice, section 349(a) "at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd,* 198 F.3d 327 (2d Cir. 1999).  Section 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."  11 U.S.C. § 349.

Therefore, "if 'cause' exists, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse* at 662.

In addition to the authority to dismiss a case for cause set forth in sections 1307(c) and 349(a), section 105(a) provides that "[n]o provision of this title shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Section 105(a) provides bankruptcy courts with a general grant of power to police dockets and afford appropriate relief. *See* 8 Collier on Bankruptcy, ¶105.01[2], p. 105-9 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) (citing *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017), *reconsideration denied*, 582 B.R. 358 (Bankr. S.D.N.Y. 2018) ("Section 105(a) is understood as providing courts with discretion to accommodate the unique facts of a case consistent with policies and directives set by the other applicable substantive provisions of the Bankruptcy Code")). Thus, section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process. *See* 8 Collier on Bankruptcy, ¶1307.04, p. 1307-11 – 1307-12 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

### III.    Facts supporting dismissal with prejudice

The Court finds that the facts surrounding the Debtor's instant Chapter 13 case support the conclusion that the case was not filed in good faith and was filed to hinder, delay, or frustrate creditors, which is an abuse of the bankruptcy process. There are several reasons underlying this conclusion.

First, this is the Debtor's third Chapter 13 case filed in a one year period. The record establishes that the filings directly impacted an action initiated against the Debtor in 2012 to foreclose on a mortgage secured by the Debtor's real property located at 35 A Rocky Glen Road,

Danbury, CT 06810. *See U.S. Bank National Association v. Perkins, Jeffrey, et al.*, Docket Number DBD-CV12-6010846-S (the "State Court Foreclosure Action"). A Judgment of Strict Foreclosure entered in the State Court Foreclosure Action on May 2, 2016, which set a law day of June 28, 2016. Before and after the law day passed, the Debtor filed several appeals in the State Court Foreclosure Action. On September 4, 2018, after the Connecticut Appellate Court dismissed the Debtor's third appeal as frivolous, the Superior Court reset the law day as November 6, 2018. On November 6, 2018, the Debtor filed his first Chapter 13 petition, Case No. 18-51453 (the "Debtor's first Chapter 13 case"). The Debtor's first Chapter 13 case was dismissed on November 26, 2018. After the dismissal of the Debtor's first Chapter 13 case, the Superior Court again reset the law day as May 21, 2019. On May 21, 2019, the Debtor filed a second Chapter 13 petition, Case No. 19-50698 (the "Debtor's second Chapter 13 case"). The Debtor's second Chapter 13 case was dismissed on June 11, 2019. After the dismissal of the Debtor's second Chapter 13 case, the Superior Court again reset the law day as September 10, 2019. The instant case, the Debtor's third, was filed on September 10, 2019 (the "Debtor's third Chapter 13 case"). The pattern of filing bankruptcy cases on the rescheduled law days in the State Court Foreclosure Action compels the conclusion the Debtor's cases were filed to stay the foreclosure proceedings.[1]

Second, the Debtor's first and second Chapter 13 cases were dismissed for failure to file information that every debtor must file in order for a case to be appropriately administered. Both the first and second Chapter 13 cases were what are often referred to as a "bare bones" filing, meaning that the Debtor filed nothing other than the voluntary petition and paid the filing fee. The Debtor never filed Statements, Schedules, or a Chapter 13 plan in the first and second

---

[1] It should be noted for the record that Attorney Daniel S. DiBartolomeo of the DiBartolomeo Law Firm served as the Debtor's counsel in all three of the Debtor's Chapter 13 cases.

Chapter 13 cases. Likewise, the Debtor's third Chapter 13 case was a bare bones filing, consisting only of the filing of the voluntary petition and the payment of the filing fee. As was true in his two prior cases, the Debtor did not file the required Statements, Schedules, or a Chapter 13 Plan in this case.

Third, the Debtor has not shown a legitimate bankruptcy purpose for his third Chapter 13 case. The Debtor failed to appear at the section 341(a) Meeting of Creditors in violation of a debtor's duties under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. *See* 11 U.S.C. § 343 and Fed. R. Bankr. P. 4002. Furthermore, pursuant to 11 U.S.C. § 362(c)(4)(A)(i), because two or more cases of the Debtor were pending within the previous year but were dismissed when the Debtor filed his third Chapter 13 case, the automatic stay provided in 11 U.S.C. § 362(a) did not go into effect upon the filing of this case. Although he could have done so, the Debtor made no efforts to seek to have the automatic stay—the most important relief a debtor obtains when filing a case—take effect in this case in accordance with 11 U.S.C. § 362(c)(4)(A)(ii). Therefore, the automatic stay did not go into effect when the Debtor filed his third Chapter 13 case and was never in effect at any time during the case.

IV.    **Conclusion**

A review of the totality of the circumstances establishes that cause exists pursuant to 11 U.S.C. § 1307(c) to dismiss the Debtor's case. *See Armstrong*, 409 B.R. at 634. In addition, pursuant to 11 U.S.C. § 349(a), dismissal of the Debtor's case with prejudice is warranted under the circumstances present here. *See Casse*, 219 B.R. at 662. Finally, dismissal with prejudice is appropriate under section 105(a) to prevent an abuse of the bankruptcy process. *See* 8 Collier on Bankruptcy, ¶1307.04, p. 1307-11 – 1307-12.

Accordingly, it is hereby

**ORDERED**: The Motion to Dismiss is GRANTED; and it is further

**ORDERED**: The Debtor's Chapter 13 case is DISMISSED WITH PREJUDICE with a two year bar to filing a bankruptcy petition under any chapter of the Bankruptcy Code from the date of the entry of this Order.

Dated at Bridgeport, Connecticut this 7th day of January, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut